# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

ALPHONSO DERAY WALKER,

       Petitioner,

v.                                                  Case No. 19-10012

WILLIS CHAPMAN,

       Respondent.

_____/

**ORDER (1) GRANTING PETITIONER'S MOTION TO RE-OPEN CASE (ECF No. 6), (2) DIRECTING THE CLERK OF COURT TO ADMINISTRATIVELY RE-OPEN THIS CASE AND TO SERVE THE AMENDED MEMORANDUM OF LAW ON THE STATE, AND (3) DIRECTING THE STATE TO FILE A RESPONSIVE PLEADING**

## I. INTRODUCTION

This matter initially came before the court on petitioner Alphonso Deray Walker's Memorandum of Law in Support of Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1.)  Because Petitioner conceded that he had not exhausted state remedies for all his claims, the court ordered him to show cause why his petition should not be summarily dismissed. (ECF No. 2.) Petitioner then moved for a stay of his case pending resolution of state post-conviction proceedings (ECF No. 3), and on October 24, 2019, the court granted the motion for a stay and administratively closed this case (ECF No. 5).

This matter is now before the court on Petitioner's Motion to Re-Open this case. (ECF No. 6).  For the reasons provided below, the court will grant Petitioner's motion and direct the Clerk of Court to serve Petitioner's Amended Memorandum of Law on Respondent and on the Michigan Attorney General.

## II.  DISCUSSION

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of armed robbery, unlawful imprisonment, second-degree criminal sexual conduct, assault with intent to do great bodily harm less than murder, felon in possession of a firearm, felonious assault, and six counts of felony-firearm.  The trial court sentenced Petitioner to a term of 37.5 to 60 years in prison for the robbery conviction and to lesser terms for the other convictions.

In his appeal of right, Petitioner claimed that he was prejudiced by the delay in arresting him, that he received ineffective assistance of trial counsel, and that the sentence imposed by the trial court was unreasonable.  The Michigan Court of Appeals found no merit in Petitioner's claims and affirmed his convictions and sentence in an unpublished decision.  *See People v. Walker,* No. 328864, 2016 WL 7233687 (Mich. Ct. App. Dec. 13, 2016).  On October 3, 2017, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues.  *See People v. Walker*, 901 N.W.2d 600 (Mich. 2017).

On January 2, 2019, Petitioner filed his initial Memorandum of Law in Support of Petition for Writ of Habeas Corpus through counsel. (ECF No. 1.)  He alleged as grounds for relief that: (1) the unreasonable delay between the date that he was charged and his arrest and arraignment violated his right to a fair trial under the Fifth Amendment, and his trial attorney's failure to raise this issue in the trial court violated his right to effective assistance of counsel; (2) the unreasonable delay between the date that he was charged and his arrest and arraignment violated his right to a speedy trial under the Sixth Amendment; trial counsel's failure to raise this issue in the trial court

and appellate counsel's failure to raise the issue of trial counsel's ineffectiveness violated his Sixth Amendment right to effective assistance of counsel; and (3) trial counsel's failure to adequately investigate the case violated his Sixth Amendment right to effective assistance of counsel, and appellate counsel's failure to raise the issue of trial counsel's ineffectiveness violated his right to effective assistance of appellate counsel.  (*Id.* at PageID.14, 20-21, 28-29.)

Petitioner conceded in his memorandum that he did not raise all his claims about trial and appellate counsel in state court.  (*Id.* at PageID.21 n.1.)  Consequently, on May 17, 2019, the court ordered Petitioner to show cause why his case should not be summarily dismissed without prejudice for failure to exhaust state remedies for all his claims. (ECF No. 2.)

Petitioner filed a timely response to the court's order to show cause (ECF No. 4) and a motion to stay his case while he pursued state remedies for his unexhausted claims (ECF No. 3). He stated in his Motion for a Stay that he filed a motion for relief from judgment in state court on June 6, 2019, and that all grounds brought in his state-court motion were not yet exhausted. (ECF No. 3, PageID.59.) He asked the court to hold his habeas petition in abeyance until he could fully exhaust his claims.  (*Id.* at PageID.61.)

On October 24, 2019, the court granted Petitioner's Motion for a Stay and administratively closed this case. (ECF No. 5.) The court ordered Petitioner to file an amended habeas corpus petition and a motion to re-open his case within thirty days of exhausting state remedies if he was unsuccessful in state court and wished to return to federal court.  (*Id.* at PageID.127.)

On May 27, 2020, Petitioner filed an amended memorandum of law through counsel (ECF No. 7) and a motion to re-open this case (ECF No. 6). He alleges that the state trial court denied his motion for relief from judgment on June 19, 2019, and that both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal the trial court's decision. (ECF No. 6, PageID.129; *see also* ECF Nos. 6-1 through 6-6 (Petitioner's motion for relief from judgment, the state court's order denying his motion, his applications for leave to appeal, and the state appellate courts' orders denying leave to appeal)). He now wants the court to re-open his case and to accept his Amended Memorandum of Law in Support of Petition for Writ of Habeas Corpus. (ECF No. 6, PageID.130.) The court will grant this motion.

### III. CONCLUSION AND ORDER

Petitioner appears to have exhausted state remedies for all his claims, and he has complied with the court's order granting a stay by filing an Amended Memorandum of Law in Support of Petition for Writ of Habeas Corpus (ECF No. 7) and a Motion to Re-open this case (ECF No. 6) within thirty days of the Michigan Supreme Court's order denying leave to appeal. Accordingly,

IT IS ORDERED that Petitioner's Motion to Re-Open (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall re-open this case administratively and serve a copy of this order and Petitioner's Amended Memorandum on Respondent and the Michigan Attorney General.

IT IS FURTHER ORDERED that Respondent shall file a response to the Amended Memorandum and the relevant portions of the state-court record within six (6) months of the date of this order.

IT IS FURTHER ORDERED that Petitioner shall have thirty (30) days from receipt of Respondent's pleading to file a reply.

                                                s/Robert H. Cleland             /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: December 8, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 8, 2020, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\19-10012.WALKER.granting mot. to re-open case.BH.AAB.docx